Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Victoria E. Mulvey (SBN 343220)
vmulvey@blakelylawgroup.com
BLAKELY LAW GROUP
1108 Manhattan Ave., Suite B
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

**Attorneys for Plaintiffs**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEE LAUDER, INC., a Delaware Corporation; LE LABO HOLDING LLC, a Delaware Limited Liability Company; LA MER TECHNOLOGY, INC., a Delaware Corporation; CLINIQUE LABORATORIES, LLC, a Delaware Limited Liability Company; AVEDA CORPORATION, a Delaware Corporation; and 001 DEL LLC d/b/a TOM FORD, a Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>WALMART, INC., a Delaware Corporation; WAL-MART.COM USA, LLC, a California Limited Liability Company; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 2:26-cv-01341<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION TO SEAL AND STRIKE INADVERTENTLY FILED DRAFT COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

1

PLAINTIFF'S *EX PARTE* APPLICATION TO SEAL AND STRIKE INADVERTENTLY FILED DRAFT COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**NOTICE OF EX PARTE APPLICATION. TO THE COURT AND ALL PARTIES:** PLEASE TAKE NOTICE that Plaintiffs will and hereby do apply *ex parte* to this Court for an order (1) immediately sealing the draft complaint inadvertently filed on February 9, 2026 at 4:25 p.m. (ECF No. 1); (2) striking said document from the public record; and (3) restricting public access to this document pending further order of this Court.

This application is made pursuant to Local Rule 79-5 and is based on this notice, the accompanying memorandum of points and authorities, the declaration of Victoria E. Mulvey, and all pleadings and papers on file in the present action.

PLAINTIFF'S *EX PARTE* APPLICATION TO SEAL AND STRIKE INADVERTENTLY FILED DRAFT COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiffs seek immediate relief to remedy an inadvertent filing error that has exposed privileged attorney-client communications to the public record. On February 9, 2026, at approximately 4:25 p.m. counsel inadvertently filed a draft complaint rather than the final, approved pleading. This draft document contains privileged and confidential attorney-client communications, work product, and internal litigation strategy that were never intended for public disclosure. Immediate sealing is necessary to prevent irreparable harm to the attorney-client privilege and to Applicant's litigation interests.

The final, corrected complaint has been lodged contemporaneously with this application and is the intended operative pleading in this action.

### II.  FACTUAL BACKGROUND

On February 9, 2026, counsel prepared a final complaint for filing in this action. Due to clerical error in labelling the document, a draft version of the complaint was inadvertently uploaded and filed instead of the final version. The draft complaint contains privileged communications between client and counsel and attorney work product.  This privileged material was never intended for filing or public disclosure. Counsel discovered the error within hours of filing and immediately prepared this ex parte application. The corrected, final complaint has been lodged with this Court.

### III.  LEGAL STANDARD

*Ex Parte* relief is appropriate when "there is a temporal urgency such that immediate and irreparable harm will occur if there is any delay in obtaining relief." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). The moving party must show (1) "that [its] cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures;" and (2) "that the moving party is without fault in creating the crisis that

**PLAINTIFF'S *EX PARTE* APPLICATION TO SEAL AND STRIKE INADVERTENTLY FILED DRAFT COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id* at 492.

Ex parte applications are permitted without notice "where irreparable harm might result from the delay required to give notice or where such notice itself might cause irreparable harm." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

Local Rule 79-5 governs situations where documents are filed that should have been sealed or contain confidential information. The Court has inherent authority to seal documents to protect privileged communications and prevent irreparable harm to the attorney-client relationship.

## IV.    ARGUMENT

### A. Ex Parte Relief Without Notice Is Appropriate

This application satisfies the standard for ex parte relief without notice to Defendants. Plaintiffs can show that (1) "that [its] cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures;" and (2) "that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power* at 492. Here, absent the relief presently requested, the inadvertently filed Complaint, which contains privileged attorney-client communications and attorney work product, will remain available on the public docket. As set forth in the Declaration of Victoria E. Mulvey, the erroneous filing of a draft complaint is the result of excusable neglect.

The inadvertently filed draft complaint is currently accessible on the public docket. Every moment it remains unsealed causes continuing harm to the attorney-client privilege and exposes confidential litigation strategy to opposing parties and the public. The harm is immediate, ongoing, and cannot be remedied after-the-fact if privileged communications are disclosed.

**PLAINTIFF'S *EX PARTE* APPLICATION TO SEAL AND STRIKE INADVERTENTLY FILED DRAFT COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

In order to give notice of the present Application, Plaintiff would have to provide Defendants, who have not been served and have not appeared, with a copy of the Complaint as filed. Providing advance notice would defeat the purpose of this application by drawing attention to the privileged material and potentially encouraging its dissemination before sealing can occur.

Courts in this District regularly grant *ex parte* relief to seal inadvertently filed documents containing privileged information. *See, e.g.*, Local Rule 79-5 (addressing inadvertent filing of documents that should have been sealed).

**B.      The Filed Complaint Should Be Stricken and Replaced**

The Court should exercise its inherent authority to strike the Filed Complaint from the record because it contains attorney-client privileged communications that were never intended for public disclosure. Striking the Filed Complaint and permitting Plaintiff to file a corrected, clean version of the Complaint—substantively identical but without the privileged annotations—will fully remedy the inadvertent disclosure without prejudice to any party.

Defendant has not yet been served in this action, and no party has relied upon the privileged content contained in the Filed Complaint. Accordingly, striking the document will cause no prejudice to any party.

**C. Sealing Is Warranted Under Local Rule 79-5 and Controlling Law**

The draft complaint contains privileged attorney-client communications and attorney work product that are protected from disclosure. *Upjohn Co. v. United States*, 449 U.S. 383 (1981). These communications were inadvertently disclosed, not intentionally waived.

Under Federal Rule of Evidence 502(b), inadvertent disclosure during federal proceedings does not waive privilege if: (a) the disclosure was inadvertent; (b) the holder took reasonable steps to prevent disclosure; and (c) the holder promptly took reasonable steps to rectify the error. All three factors are met. The disclosure was plainly

**PLAINTIFF'S *EX PARTE* APPLICATION TO SEAL AND STRIKE INADVERTENTLY FILED DRAFT COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

inadvertent—the privileged material was embedded in a working draft never intended for filing. Counsel's standard practice includes reviewing all documents prior to filing. And counsel acted within hours of the filing to prepare this application. See Aerojet Rocketdyne, Inc. v. GlobalFoundries U.S., Inc., No. 2:17-cv-01466, 2019 WL 3202218, at *4 (E.D. Cal. July 16, 2019).

While there is a common law right of access to judicial records, this right does not extend to privileged attorney-client communications that were never intended to be part of the court record. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

Once privileged communications enter the public domain, the harm cannot be undone. Immediate sealing is the only remedy that can prevent irreparable injury to Applicant's attorney-client relationship and litigation strategy.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an order (1) immediately sealing the draft complaint inadvertently filed on February 9, 2026 at 4:25 p.m. (ECF No. 1); (2) striking said document from the public record; and (3) restricting public access to this document pending further order of this Court. Respectfully submitted,

Dated:  February 9, 2026                    BLAKELY LAW GROUP


By:    */s/ Victoria E. Mulvey*
Brent H. Blakely
Victoria E. Mulvey
***Attorneys for Plaintiffs***

6

**PLAINTIFF'S *EX PARTE* APPLICATION TO SEAL AND STRIKE INADVERTENTLY FILED DRAFT COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**