VINSON & ELKINS L.L.P.
STEVEN D. MOORE (State Bar No. 290875)
stevemoore@velaw.com
555 Mission Street, Suite 2000
San Francisco, California 94105
Telephone: 415.979.6900
Facsimile: 415.651.8786

SARAH Y. KAMRAN (State Bar No. 347617)
skamran@velaw.com
2121 Avenue of the Stars, Suite 620
Los Angeles, CA 90067
Telephone: 213.527.6400
Facsimile: 213.527.6401

Counsel for Defendants
WALMART INC. and
WAL-MART.COM USA, LLC

*Additional Counsel on Signature Page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTÉE LAUDER, INC., a Delaware Corporation; LE LABO HOLDING LLC, a Delaware Limited Liability Company; LA MER TECHNOLOGY, INC., a Delaware Corporation; CLINIQUE LABORATORIES, LLC, a Delaware Limited Liability Company; AVEDA CORPORATION, a Delaware Corporation; and 001 DEL LLC d/b/a TOM FORD, a Delaware Limited Liability Company, | Case No.: 2:26-cv-01341-HDV-ADS <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RENEWED PARTIAL MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT** |
| Plaintiffs, | Hearing Date: August 20, 2026 <br> Time: 10:00 am <br> Courtroom: 5B <br> Judge: Hon. Hernán D. Vera |
| vs. | |
| WALMART, INC., a Delaware Corporation; WAL-MART.COM USA, LLC, a California Limited Liability Company; and DOES 1-10, inclusive, | Trial Date: None Set <br> Date Action Filed: February 19, 2026 |
| Defendants. | |

# **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

II.   LEGAL STANDARDS .........................................................................................3

    A.    Federal Rule of Civil Procedure 12(b)(6). ................................................3

    B.    Federal Rule of Civil Procedure 12(e). .....................................................4

III.  THE COURT SHOULD DISMISS PLAINTIFFS' TRADEMARK CLAIMS FOR FAILURE TO STATE A CLAIM..................................................4

    A.    Plaintiffs Fail to Plausibly Allege That Any Identifiable "Accused Products" Are Counterfeit or Materially Different and Therefore Fail to Plausibly Plead Trademark Infringement. ....................4

        1.    Plaintiffs Fail to Plausibly Plead Facts Supporting Counterfeiting. .................................................................................5

        2.    Plaintiffs Fail to Plausibly Plead Facts Supporting Material Differences. ..................................................................7

    B.    Plaintiffs' Remaining Trademark Claims Likewise Fail. .........................9

    C.    Plaintiffs' Factual Allegations Do Not Support the FAC's Platform-Wide Trademark Claims........................................................10

IV.   ALTERNATIVELY, THE COURT SHOULD GRANT RELIEF UNDER RULE 12(E)..........................................................................................13

V.    CONCLUSION ...................................................................................................16

Case No. 2:26-cv-01341-HDV-ADS
MEMO ISO RENEWED PARTIAL MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

# TABLE OF AUTHORITIES

**Cases**

*Abbott Lab'ys v. Adelphia Supply USA*,
No. 15-CV-5826 (CBA) (LB), 2019 WL 5696148 (E.D.N.Y. Sept. 30, 2019) ........................................................................................................17

*Adidas Am., Inc. v. Hall of Fame Sports Memorabilia, Inc.*,
No. 3:24-cv-02120-AR, 2026 WL 1383000 (D. Or. May 18, 2026) ...................6

*Adobe Sys. Inc. v. A & S Elecs., Inc.*,
No. 4:15-cv-02288-SBA (N.D. Cal. Aug. 18, 2015)....................................7, 17

*Alvarez v. City of Santa Ana*,
802 F. Supp. 3d 1186 (C.D. Cal. 2025)................................................17

*Am. Circuit Breaker Corp. v. Oregon Breakers Inc.*,
406 F.3d 577 (9th Cir. 2005) .......................................................17

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..............................................................3, 5, 17

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................................3, 5, 17

*Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*,
174 F.3d 1036 (9th Cir. 1999) ........................................................6

*C.B. v. Sonora Sch. Dist.*,
691 F. Supp. 2d 1170 (E.D. Cal. 2010) ................................................4

*Coach, Inc. v. Celco Customs Servs. Co.*,
No. CV 11-10787 MMM, 2012 WL 12883972 (C.D. Cal. 2012) ...................5, 6

*Energizer Brands, LLC v. My Battery Supplier, LLC*,
529 F. Supp. 3d 57 (E.D.N.Y. 2021) ................................................17

*Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc.*,
955 F.2d 1143 (7th Cir. 1992) .......................................................17

*Hill v. Opus Corp.*,
841 F. Supp. 2d 1070 (C.D. Cal. 2011)..............................................17

*In re Gilead Scis. Sec. Litig.*,
536 F.3d 1049 (9th Cir. 2008) ....................................................4, 17

*K Mart Corp. v. Cartier, Inc.*,
486 U.S. 281 (1988).................................................................17

ii

*M2 Software, Inc. v. Madacy Ent.*,
    421 F.3d 1073 (9th Cir. 2005) ...........................................................................17

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) .................................................................................3

*NEC Elecs. v. CAL Circuit Abco*,
    810 F.2d 1506 (9th Cir. 1987) ...........................................................................17

*Outdoor Media Grp., Inc. v. City of Beaumont*,
    506 F.3d 895 (9th Cir. 2007) .................................................................................4

*Performance Designed Prods. LLC v. Plantronics, Inc.*,
    No. 3:19-cv-00536-GPC-LL, 2019 WL 3082160 (S.D. Cal. July 15, 2019).......6

*Sagan v. Apple Computer, Inc.*,
    874 F.Supp. 1072 (C.D. Cal. 1994) .................................................................4, 17

*Sebastian Int'l, Inc. v. Longs Drug Stores Corp.*,
    53 F.3d 1073 (9th Cir. 1995) ..............................................................................17

*Self Directed Placement Corp. v. Control Data Corp.*,
    908 F.2d 462 (9th Cir. 1990) .................................................................................4

*Societe Des Produits Nestle, S.A. v. Casa Helvetia, Inc.*,
    982 F.2d 633 (1st Cir. 1992)...............................................................................17

*Somers v. Apple, Inc.*,
    729 F.3d 953 (9th Cir. 2013) ..........................................................................3, 17

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) .................................................................................4

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011) ...........................................................................17

*Tiffany (NJ) Inc. v. eBay Inc.*,
    600 F.3d 93 (2d Cir. 2010) .................................................................................17

*Walter v. Mattel, Inc.*,
    210 F.3d 1108 (9th Cir. 2000), *holding modified on other grounds by Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625 (9th Cir. 2005) ...........17

*Zixiang Li v. Kerry*,
    710 F.3d 995 (9th Cir. 2013) ...........................................................................3, 7

Case No. 2:26-cv-01341-HDV-ADS
MEMO ISO RENEWED PARTIAL MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

**Rules**

Fed. R. Civ. P. 8....................................................................................................5, 7

Fed. R. Civ. P. 8(a) ..................................................................................................3

Fed. R. Civ. P. 12 .....................................................................................................1

Fed. R. Civ. P. 12(b)(6) ...................................................................................1, 3, 17

Fed. R. Civ. P. 12(e) .....................................................................................1, 3, 4, 17

Case No. 2:26-cv-01341-HDV-ADS
MEMO ISO RENEWED PARTIAL MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants respectfully request that the Court dismiss the First through Twelfth and Fourteenth Causes of Action in Plaintiffs' First Amended Complaint for failure to state a claim.  In the alternative, Defendants respectfully request that the Court dismiss those causes of action for failure to state a claim with regard to unidentified products.  Further in the alternative, and pursuant to Federal Rule of Civil Procedure 12(e), Defendants respectfully request that the Court order Plaintiffs to amend the First Amended Complaint to provide a more definite statement.

## I.     INTRODUCTION

On February 19, 2026, Plaintiffs filed their original complaint, *see generally* Dkt. No. 14, which Defendants moved to dismiss, *see generally* Dkt. No. 28-1 ("Original Motion" or "Orig. Mot.").  On June 16, 2026, Plaintiffs filed their First Amended Complaint. *See generally* Dkt. No. 30 ("FAC").  Although the FAC purports to address some of the deficiencies identified in Defendants' Original Motion, it remains fundamentally flawed.  To be clear, Walmart shares Plaintiffs' interest in combating counterfeit goods—but conclusory allegations identifying a limited number of purchases from years ago and simply labeling them counterfeit do nothing to advance that goal and fall far short of the factual pleading standards.

Plaintiffs allege they tested seventeen individual purchases of items bearing Plaintiffs' trademarks purchased from Walmart.com and "determined" that those products are counterfeit.  *See* FAC ¶¶ 75-76; Dkt. No. 30-7 (Ex. G to FAC, "Exhibit G" or "Ex. G") (excluding two items relevant to trade dress claim).  But Plaintiffs still do not adequately plead facts supporting infringement.  Instead, they rely on the same conclusory labels untethered from factual allegations that Defendants identified in their Original Motion.  *See* Orig. Mot. at 4-10.  This is not sufficient to survive a Rule 12 motion.

1

Additionally, Plaintiffs have not brought a narrow case about the products they identify in Exhibit G. They have instead asserted platform-wide claims of trademark infringement and seek a sweeping injunction against any use of Plaintiffs' trademarks on Walmart.com—relief that would preclude sales of genuine products protected by the first sale doctrine. Indeed, the FAC expressly states that the alleged infringement "is not limited to the exemplar products identified in Exhibit G nor the sellers thereof." FAC ¶ 76.

As set forth in detail below, Plaintiffs' trademark infringement claims (First through Sixth Causes of Action) should be dismissed in their entirety because Plaintiffs fail to plead facts supporting any viable infringement theory with respect to any identifiable set of products. To the extent Plaintiffs are attempting to allege counterfeiting, they do not plausibly allege facts supporting their assertion that the "Accused Products"[1] are not genuine. *See infra*, Section III.A.1. To the extent Plaintiffs instead intend to proceed under a gray-market theory, they fail to allege material differences between the Accused Products and Plaintiffs' claimed genuine products. *See infra*, Section III.A.2. Without such supporting factual allegations, Plaintiffs cannot plausibly allege a likelihood of consumer confusion, an essential element of Plaintiffs' trademark infringement claims.

Plaintiffs' remaining trademark claims—false designation of origin and common-law infringement and unfair competition (Seventh through Twelfth and Fourteenth Causes of Action)—rise and fall with those same deficient allegations and should likewise be dismissed. *See infra*, Section III.B.

If the Court declines to dismiss Plaintiffs' trademark claims in their entirety, it should at least dismiss those claims with respect to any products not specifically

---

[1] Plaintiffs broadly define the "Accused Products" as "certain skincare and fragrance products that bear marks that are identical with, substantially indistinguishable from, or confusingly similar to one or more of the ELC Trademarks and Private Blend Collection Trade Dress." *Id.* ¶ 64.

Case No. 2:26-cv-01341-HDV-ADS
MEMO ISO RENEWED PARTIAL MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

identified in Exhibit G.   The FAC's factual allegations do not support the platform-wide claims Plaintiffs have pled.  In Exhibit G, Plaintiffs identify seventeen products allegedly sold by seventeen unrelated third-party sellers, most of which were purchased in 2024.  *See* Ex. G.  But they allege no common scheme, no common source, no pattern, and no systemic failure from which the Court could infer that alleged counterfeiting extends beyond those isolated transactions.   As explained below, Plaintiffs' conclusory assertion that infringement extends further is insufficient to state a platform-wide claim.  *See infra*, Section III.C.

Finally, if the Court declines to dismiss the challenged causes of action altogether, relief under Rule 12(e) is warranted.  The FAC fails to define Plaintiffs' infringement theory—whether counterfeiting, gray-market, or both—or the scope of the alleged misconduct with sufficient specificity for Defendants to prepare a defense. *See infra*, Section IV.

## II.    LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6).

Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 998-99 (9th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007) (cleaned up)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570 (2007)).  Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

3

In assessing the sufficiency of the pleadings, the Court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

**B. Federal Rule of Civil Procedure 12(e).**

Rule 12(e) provides that a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 12(e) motions are proper where "the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." *Sagan v. Apple Computer, Inc.*, 874 F.Supp. 1072, 1077 (C.D. Cal. 1994). A plaintiff must "set forth enough details so as to provide [the] defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery." *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990). "Whether to grant a Rule 12(e) motion for a more definite statement lies within the wide discretion of the district court." *C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1170, 1191 (E.D. Cal. 2010).

**III.  THE COURT SHOULD DISMISS PLAINTIFFS' TRADEMARK CLAIMS FOR FAILURE TO STATE A CLAIM.**

**A. Plaintiffs Fail to Plausibly Allege That Any Identifiable "Accused Products" Are Counterfeit or Materially Different and Therefore Fail to Plausibly Plead Trademark Infringement.**

Plaintiffs' First through Sixth Causes of Action for trademark infringement fail because the FAC lacks non-conclusory allegations plausibly indicating that the exemplar Accused Products are counterfeit or materially different from Plaintiffs'

4

claimed genuine products. Plaintiffs allege they tested seventeen individual items bearing Plaintiffs' trademarks purchased from Walmart.com and "determined" that those products are counterfeit. *See* FAC ¶¶ 75-76; Ex. G. Beyond identifying brand names and including photographs of six exemplar products, however, Plaintiffs plead no facts describing any defect in the products themselves or any characteristic inconsistent with genuine goods. This failure is particularly problematic because Plaintiffs do not allege that these exemplar products are representative of any broader, identifiable set of Accused Products identified in Exhibit G or offered on Walmart.com.

Instead, Plaintiffs rely on the repeated assertion that they "determined that each [Exhibit G Accused Product] was not manufactured by or for Plaintiffs and therefore bears counterfeit marks." FAC ¶¶ 75, 78, 82, 86, 90, 94, 98. These conclusions are unsupported by any actual factual allegations and are precisely the sort of "labels and conclusions" that Rule 8 and *Twombly/Iqbal* prohibit.

Critically, the FAC's failure to plausibly allege counterfeiting or material differences also means Plaintiffs have not plausibly alleged a likelihood of consumer confusion—an essential element of their trademark infringement claims. Plaintiffs rely on the assumption that labeling a product counterfeit automatically establishes confusion. But where, as here, Plaintiffs plead no facts showing that any Accused Product is inauthentic or materially different from Plaintiffs' claimed genuine goods, there is no factual basis from which confusion can be inferred. Absent well-pleaded allegations establishing why consumers would be confused as to source, sponsorship, or affiliation, Plaintiffs' trademark claims fail as a matter of law.

1. Plaintiffs Fail to Plausibly Plead Facts Supporting Counterfeiting.

Counterfeiting requires factual allegations showing that the accused products are not genuine. *See Coach, Inc. v. Celco Customs Servs. Co.*, No. CV 11-10787 MMM (FMOx), 2012 WL 12883972, at *4 (C.D. Cal. 2012) (dismissing trademark infringement claim involving counterfeit goods because plaintiff "failed to plead the

5

basic background facts necessary to support a claim for trademark infringement"). Here, to the extent Plaintiffs intend to advance a counterfeiting theory, they fail to explain why they believe the Accused Products are counterfeit. The FAC includes no factual allegations describing what specific inspection or testing was performed, what criteria were applied, or, critically, what specific characteristics render the products allegedly inauthentic. Nor does the FAC allege that the products were adulterated, expired, altered, or otherwise rendered inauthentic. Instead, Plaintiffs ask the Court to accept their unsupported conclusion that the Accused Products are counterfeit simply because Plaintiffs say so. That is insufficient as a matter of law. *See Coach*, 2012 WL 12883972 at *4.

This pleading deficiency is compounded by the manner in which Plaintiffs present purported photographs of the exemplar Accused Products in the FAC. Plaintiffs do not even attempt to compare the exemplar Accused Products to Plaintiffs' claimed genuine products. *Cf. Performance Designed Prods. LLC v. Plantronics, Inc.*, No. 3:19-cv-00536-GPC-LL, 2019 WL 3082160, at *5 (S.D. Cal. July 15, 2019) (dismissing trademark infringement claims even though plaintiff "relie[d] on a pictorial juxtaposition of its and Defendants' marks to show that they are 'virtually identical'" and "claim[ed] that Defendants' mark is 'counterfeit' and a 'knock off' of its own"); *see also Adidas Am., Inc. v. Hall of Fame Sports Memorabilia, Inc.*, No. 3:24-cv-02120-AR, 2026 WL 1383000, at *3 (D. Or. May 18, 2026) ("Section 1114 requires . . . that the plaintiff's mark and the allegedly infringing mark be compared 'in their entirety and as they appear in the marketplace.'" (quoting *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999))). Rather, the FAC includes purported photographs of the exemplar Accused Products, alone, *see* FAC ¶¶ 77, 81, 85, 89, 93, 97, and then declares them counterfeit, *see id.* ¶¶ 110, 124, 138, 152, 166, 180—without identifying any feature inconsistent with authenticity or comparing the exemplar Accused Products to Plaintiffs' claimed legitimate products.

6

The same deficiency required dismissal in *Adobe Sys. Inc. v. A & S Elecs., Inc.*, No. 4:15-cv-02288-SBA, Dkt. No. 40, at 7-8 (N.D. Cal. Aug. 18, 2015). There, Adobe broadly alleged that defendants sold "fake, pirated or counterfeit" products, but the court dismissed Adobe's trademark claims because Adobe failed to plausibly allege that the specific product it purchased was counterfeit or materially different from Adobe's genuine products. *See id.* at 8. The court emphasized that Adobe's allegations were "too conclusory," and that conclusory allegations of counterfeiting—unsupported by factual allegations tied to the accused product—could not, as a matter of law, plausibly support inauthenticity or a likelihood of confusion. *See id.* Plaintiffs' FAC suffers from the same fatal flaw: generalized accusations of counterfeiting wholly untethered from any facts about the Accused Products themselves.

This pleading failure is independently dispositive of the likelihood-of-confusion element of Plaintiffs' trademark infringement claims. Allegations that a product is counterfeit are not self-proving; they must be supported by facts showing that the product is spurious or materially inconsistent with the trademark owner's genuine goods. Where Plaintiffs fail to allege any facts demonstrating that the exemplar Accused Products differ from their claimed genuine products in any way perceptible to consumers, the FAC provides no basis to plausibly infer that consumers are likely to be confused. *See id.* Plaintiffs' conclusory assertions of confusion—untethered to factual allegations about the products themselves—fail to satisfy Rule 8 and thus fail to state a claim for trademark infringement. *See Zixiang Li*, 710 F.3d at 998-99.

2. Plaintiffs Fail to Plausibly Plead Facts Supporting Material Differences.

If Plaintiffs intend to assert a gray-market theory, those claims fare no better. Gray-market trademark infringement requires factual allegations indicating that the accused gray-market products themselves are "materially different" from the trademark

7

owner's genuine products.[2]  Indeed, trademark law does not equate mere unauthorized sales with infringement, and allegations that products sold through unauthorized distribution channels or without seller approval, alone, do not plausibly support a likelihood of confusion.  *See, e.g., Adobe*, Dkt. No. 40 at 8 ("While such conduct may ostensibly violate the terms of the Reseller Agreement, it is unclear how this shows that the software is 'fake, pirated and counterfeit' or that its distribution is likely to cause consumer confusion."); *Am. Circuit Breaker Corp. v. Oregon Breakers Inc.*, 406 F.3d 577, 584-85 (9th Cir. 2005) (gray-market products sold under true trademark not infringing because no likelihood of confusion "as to source"); *NEC Elecs. v. CAL Circuit Abco*, 810 F.2d 1506, 1508-09 (9th Cir. 1987) (trademark law does not apply to gray-market products sold without mark owner's consent even if purchasers mistakenly believed products were protected by owner's services and warranties). Unauthorized sales cannot form the basis for a likelihood of confusion unless there are material differences between the unauthorized, gray-market products and the authorized products.  *See Societe Des Produits Nestle, S.A. v. Casa Helvetia, Inc.*, 982 F.2d 633, 640 (1st Cir. 1992) ("Whether the fulcrum of plaintiffs' complaint is perceived as section 32(1)(a), section 42, or section 43(a), liability necessarily turns on the existence *vel non* of material differences between the products of a sort likely to create consumer confusion.").

Here, Plaintiffs conclusorily state only that the alleged infringement is based on Defendants' use of "substantially indistinguishable or confusingly similar marks" and that such use is likely to cause confusion.  *See, e.g.*, FAC ¶¶ 111-12.  But Plaintiffs allege no material differences between the Accused Products and Plaintiffs' claimed genuine products—no differences in formulation, fragrance, texture, packaging,

---

[2] A gray-market product is typically defined as a "foreign-manufactured good, bearing a valid United States trademark, that is imported without the consent of the United States trademark holder."  *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 285 (1988).

8

labeling, quality, batch or lot coding, safety features, performance, or durability.  As explained above, Plaintiffs include purported photographs of the exemplar Accused Products in the FAC, but make no attempt to compare them to Plaintiffs' claimed genuine products.  *See supra*, Section III.A.1.  Given these fundamental pleading defects, to the extent Plaintiffs allege trademark infringement under a theory of gray-market sales, those allegations reduce—at most—to allegations of resale of genuine products, which trademark law does not treat as infringement absent material differences.  *See Sebastian Int'l, Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073, 1074 (9th Cir. 1995) ("Resale by the first purchaser of the original article under the producer's trademark is neither trademark infringement nor unfair competition.").

This absence of alleged material differences is fatal to Plaintiffs' allegations of consumer confusion.  Under settled law, genuine goods sold through unauthorized channels do not create actionable confusion unless there are material differences that consumers would likely consider relevant.  *See Societe Des Produits*, 982 F.2d at 640.  Because Plaintiffs allege no such differences—and identify no product feature, labeling discrepancy, quality issue, or other fact that could plausibly mislead consumers—their conclusory claims of confusion amount to no more than speculation, which is insufficient, even at the pleading stage.  *See Twombly*, 550 U.S. at 555.

Plaintiffs have failed to plausibly plead any facts indicating that the Accused Products identified in Exhibit G—or any broader, identifiable set of Accused Products—are counterfeit or materially different from Plaintiffs' claimed genuine products, and thus their First through Sixth Causes of Action for trademark infringement fail as a matter of law and should be dismissed.  *See In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055; *Somers*, 729 F.3d at 959.

### B. Plaintiffs' Remaining Trademark Claims Likewise Fail.

Plaintiffs' false designation of origin claims (Seventh through Twelfth Causes of Action) and common-law trademark infringement and unfair competition claim

9

(Fourteenth Cause of Action) rise or fall with the same insufficient allegations addressed above, *see supra*, Section III.A, and should likewise be dismissed in their entirety.  The Ninth Circuit has consistently held that a plaintiff must show a likelihood of confusion for both claims under the Lanham Act and related common-law claims. *See M2 Software, Inc. v. Madacy Ent.*, 421 F.3d 1073, 1080 n. 5 (9th Cir. 2005); *Walter v. Mattel, Inc.*, 210 F.3d 1108, 1111 (9th Cir. 2000), *holding modified on other grounds by Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625 (9th Cir. 2005).  Because Plaintiffs' allegations are inadequate to state a claim for trademark infringement under the Lanham Act, *see supra*, Section III.A, they are likewise inadequate to support Plaintiffs' false designation of origin and common-law claims.  *See M2 Software*, 421 F.3d at 1080 n. 5.

This is precisely the result reached in *Adobe*.  There, after concluding that Adobe's factual allegations were insufficient to support the sweeping claims asserted, the court dismissed not only Adobe's trademark infringement claim, but also its false designation of origin and common-law claims predicated on the same allegations.  *See Adobe*, Dkt. No. 40 at 10 ("For the same reasons expressed above, the Court finds that these allegations are too conclusory to state a claim.").

Because Plaintiffs have failed to plausibly allege that the Accused Products are counterfeit, materially different, or likely to cause consumer confusion, *see supra*, Section III.A, these derivative claims necessarily fail at the pleading stage and should likewise be dismissed.  *See M2 Software*, 421 F.3d at 1080 n. 5.

**C. Plaintiffs' Factual Allegations Do Not Support the FAC's Platform-Wide Trademark Claims.**

If the Court declines to dismiss Plaintiffs' trademark claims in their entirety, it should dismiss those claims at least with respect to Accused Products not identified in Exhibit G because the FAC has failed to make any factual allegations concerning other products on Walmart.com.  *See Alvarez v. City of Santa Ana*, 802 F. Supp. 3d 1186,

10

1200-01 (C.D. Cal. 2025) (dismissing portion of claim); *Hill v. Opus Corp.*, 841 F. Supp. 2d 1070, 1081-82 (C.D. Cal. 2011) (same). The FAC alleges that Plaintiffs purchased seventeen products from seventeen unrelated third-party sellers, *see* FAC ¶ 75; Ex. G, yet Plaintiffs have asserted platform-wide claims alleging that Defendants' infringement "is not limited to the exemplar products identified in Exhibit G nor the sellers thereof," FAC ¶ 76. Those are the claims the Court must assess under *Iqbal* and *Twombly*.

The FAC's factual allegations are insufficient to support a plausible inference that every Accused Product on Walmart.com bearing Plaintiffs' trademarks is counterfeit. Plaintiffs allege only that they examined the seventeen products identified in Exhibit G—each acquired from a different, unrelated seller—and "determined" them counterfeit. *See* FAC ¶ 75. The FAC identifies no additional products, sellers, listings, or transactions, and alleges no pattern, common source, scheme, or relationship among the identified sellers linking those isolated purchases to broader marketplace conduct. Allegations concerning seventeen products sold by seventeen unrelated sellers—on a marketplace with hundreds of millions of listings from hundreds of thousands of independent sellers—cannot plausibly support an inference of platform-wide infringement.

Likewise, Plaintiffs' requested relief seeks a broad injunction barring Defendants from "manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Accused Products and/or any other products that bear the ELC Trademarks, or any other marks identical, substantially indistinguishable, or confusingly similar thereto." FAC, Prayer for Relief ¶ 1(a). Such relief would encompass every Accused Product bearing one of Plaintiffs' trademarks, including countless genuine products on Walmart.com, in direct contravention of the first sale doctrine. A claim seeking such sweeping relief must be supported by factual allegations plausibly establishing infringement of commensurate scope. Plaintiffs'

11

factual allegations, taken as true, support claims against products from, at most, seventeen specific third-party sellers. That cannot satisfy *Twombly*'s requirement that a claim be "plausible on its face." 550 U.S. at 570.

Plaintiffs contend that the Exhibit G products are merely "exemplars" of broader infringement. *See* FAC ¶ 76. But the relevant question is not whether Plaintiffs may plead exemplars—it is what those exemplars can plausibly support. In the typical counterfeiting case, exemplar purchases are illustrative of a coherent, identifiable pattern—for example, a single seller operating a counterfeit storefront, a common source of counterfeit goods, or a coordinated scheme. *See, e.g., Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1145 (7th Cir. 1992) (counterfeiting suit brought based on allegations that counterfeit sales occurred across multiple venues within defendant's coordinated flea-market scheme). Here, by contrast, the Exhibit G products were purchased from seventeen different third-party sellers—including entities as varied as "Pint Sized Ice Creams LLC," "Broken Lizard," "D'Agostino Supermarkets Inc.," and "LuxBeauty Hub"—with no alleged connection to one another. *See* Ex. G. Without allegations of a common source, scheme, supplier, or factual nexus among these sellers, the fact that a particular seller allegedly sold a counterfeit product tells the Court nothing about the Accused Products sold by any of the hundreds of thousands of other sellers on the platform. *See Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 103 (2d Cir. 2010) ("To impose liability because eBay cannot guarantee the genuineness of all of the purported [counterfeit] Tiffany products offered on its website would unduly inhibit the lawful resale of genuine Tiffany goods."). These exemplars are not representative of an identifiable pattern of infringement; they are isolated transactions from unrelated third-party sellers that cannot be extrapolated into a platform-wide case.

This distinction is critical in the marketplace context. Walmart operates a marketplace with hundreds of thousands of independent sellers. Allegations that

12

seventeen products sold by seventeen unrelated third-party sellers are counterfeit do not give rise to a plausible inference that all Accused Products bearing Plaintiffs' trademarks across the entire platform are infringing. *See Tiffany*, 600 F.3d at 103; *see also Iqbal*, 556 U.S. at 679 (explaining that the plausibility analysis is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

Accordingly, Plaintiffs' trademark claims, which seek relief beyond the specific Accused Products identified in Exhibit G, fail to state a claim upon which relief may be granted with respect to Accused Products not identified in Exhibit G, and thus any claims against Accused Products not identified in Exhibit G should be dismissed.

## IV. ALTERNATIVELY, THE COURT SHOULD GRANT RELIEF UNDER RULE 12(E).

If the Court declines to dismiss the challenged causes of action, it should order Plaintiffs to provide a more definite statement pursuant to Rule 12(e). Rule 12(e) authorizes such relief where a pleading is so indefinite that the defendant cannot determine the nature of the claim being asserted or so vague or ambiguous that the party cannot reasonably prepare a defense. *See Sagan*, 874 F.Supp. at 1077; Fed. R. Civ. P. 12(e). Despite Plaintiffs' amendments, the FAC continues to suffer from the same fundamental ambiguity identified in Defendants' Original Motion: it fails to sufficiently articulate the facts underlying their claims and instead conflates distinct legal frameworks into a single set of conclusory allegations. *See supra*, Section III.A. Additionally, Plaintiffs fail to identify the scope of Defendants' alleged misconduct. *See supra*, Section III.C.

Courts explain that "the analytical framework varies depending on whether the infringing goods are counterfeit goods or . . . gray market goods." *Energizer Brands, LLC v. My Battery Supplier, LLC*, 529 F. Supp. 3d 57, 62 (E.D.N.Y. 2021) (quoting *Abbott Lab'ys v. Adelphia Supply USA*, No. 15-CV-5826 (CBA) (LB), 2019 WL

13

5696148, at *4 (E.D.N.Y. Sept. 30, 2019)). For example, while consumer confusion for counterfeit goods is typically evaluated using a specific set of factors, those factors are less helpful in the context of gray-market products because, under the first sale doctrine, resale of genuine products—lawfully introduced into commerce—does not violate the Lanham Act absent material differences. *See id.* Because the analytical framework and defenses differ so fundamentally depending on the theory of infringement, Plaintiffs' claims—supported only by conclusory counterfeiting allegations concerning seventeen products and leaving open whether a gray-market theory also applies—render it impossible for Defendants to determine the nature of the case they must defend.

This ambiguity prejudices Defendants' ability to prepare a defense. If Plaintiffs are alleging counterfeiting, Defendants must know what specific characteristics allegedly render the Accused Products inauthentic and how Plaintiffs allegedly determined inauthenticity. If Plaintiffs are instead alleging gray-market infringement, Defendants must know what alleged material differences form the basis of Plaintiffs' claims and how those differences are allegedly likely to cause consumer confusion. The FAC provides neither.

As to Plaintiffs' failure to define the scope of Defendants' alleged misconduct, *Adobe* is again instructive. There, concurrently with their motion to dismiss, the defendants filed a motion to strike an exhibit to the complaint listing hundreds of trademarks on the basis that the exhibit "obligat[ed] Defendants to examine over one thousand various registrations to try to pick out which one or ones may or may not be the ones Adobe has in mind." *Adobe*, Dkt. No. 22 at 2. The court declined to grant the motion to strike, but found, "notwithstanding," that "the underlying concern articulated by Defendants—that they are entitled to fair notice of which particular trademark and copyright registrations are at issue—is a valid one." *Id.*, Dkt. No. 40 at 17. Thus, the court held that "Adobe's allegations that Defendants infringed 'numerous' copyright

14

and trademark registrations . . . clearly fail to provide 'fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it,'" and ordered Adobe to file an amended complaint with a more definite statement of its trademark infringement allegations. *Id.* at 18 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

Here, as in *Adobe*, Plaintiffs allegations suffer from the same failure to provide fair notice of the conduct at issue. Plaintiffs identify seventeen products allegedly sold by seventeen unrelated third-party sellers, but do not explain how Defendants are supposed to discern the scope of the offerings on Walmart.com that Plaintiffs "have in mind." *Adobe*, Dkt. No. 22 at 2. Beyond seventeen purported exemplar purchases, Plaintiffs offer no guidance as to whether those exemplars are meant to define the scope of the claims, represent a broader universe of allegedly infringing products, or illustrate a particular theory distinguishing allegedly infringing from non-infringing listings.

This lack of specificity is especially problematic given the scale and structure of Walmart.com, which operates as one of the largest online marketplaces in the world, hosting hundreds of millions of active product listings supplied predominantly by hundreds of thousands of independent third-party sellers, with an assortment of products that is constantly changing. Against that backdrop, seventeen identified transactions cannot provide meaningful notice of the scope of Plaintiffs' claims unless Plaintiffs are willing to confine their claims to those Accused Products. If they are not, they must provide facts supporting whatever broader scope they intend.

Accordingly, if the Court declines to dismiss the challenged causes of action, it should order Plaintiffs to file a second amended complaint that provides a more definite statement specifying, at a minimum: (1) the infringement theory asserted as to each Accused Product, including whether Plaintiffs contend the product is counterfeit or gray market, and the factual basis for each theory; (2) the specific Accused Products at issue beyond those identified in Exhibit G, identified by SKU, listing URL, product

15

title, or other objective identifier sufficient to distinguish allegedly infringing products from non-infringing products on Walmart.com; (3) the sellers or source of supply associated with each Accused Product, including whether Plaintiffs contend the alleged infringement arises from Walmart's own retail sales, third-party marketplace sales, or both; (4) the relevant time period during which each Accused Product was allegedly sold; (5) for any counterfeiting claim, the specific characteristics that allegedly render the Accused Products inauthentic, including what specific inspection or testing was performed and why those characteristics indicate inauthenticity; and (6) for any gray-market claim, the specific material differences allegedly distinguishing the Accused Products from Plaintiffs' claimed genuine products and facts showing why those differences are likely to cause consumer confusion.

## V.    CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant Defendants' Renewed Motion and dismiss the FAC's First through Twelfth and Fourteenth Causes of Action for failure to state a claim under Rule 12(b)(6).  In the alternative, Defendants respectfully request that the Court dismiss those causes of action for failure to state a claim with regard to any products not identified in Exhibit G to the FAC.  Further in the alternative, Defendants respectfully request that the Court order Plaintiffs to provide a more definite statement of the allegations supporting those causes of action under Rule 12(e).

Case No. 2:26-cv-01341-HDV-ADS
MEMO ISO RENEWED PARTIAL MOTION TO DISMISS, OR IN THE
ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Dated:  June 30, 2026

Respectfully submitted,

VINSON & ELKINS L.L.P.

By: */s/ Sarah Y. Kamran*
       Sarah Y. Kamran

VINSON & ELKINS L.L.P.
HILARY L. PRESTON
(SBN 24062946, Admitted *Pro Hac Vice*)
hpreston@velaw.com
JEFFREY T. HAN
(SBN 24069870, Admitted *Pro Hac Vice*)
jhan@velaw.com
CORBIN J. CESSNA
ccessna@velaw.com
(SBN 24120753, Admitted *Pro Hac Vice*)
BRITTANY B. SILVESTER
bsilvester@velaw.com
(SBN 24150197, Admitted *Pro Hac Vice*)
200 West 6th St., Ste. 2500
Austin, TX 78701
Telephone:  512.542.8400
Facsimile:   512.542.8612

Counsel for Defendants
WALMART, INC. and
WALMART.COM USA, LLC

17

Case No. 2:26-cv-01341-HDV-ADS
MEMO ISO RENEWED PARTIAL MOTION TO DISMISS, OR IN THE
ALTERNATIVE, FOR A MORE DEFINITE STATEMENT